UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JOHN WILLIS MARTIN, JR.**                                              **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 1:17CV-P50-GNS**

**LYNN GRAY** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff John Willis Martin, Jr., a convicted prisoner currently incarcerated in the Graves County Jail, filed a *pro se* complaint (DN 1) and supplemental complaint (DN 10) pursuant to 42 U.S.C. § 1983 alleging claims arising during his detention as a convicted prisoner at the Warren County Regional Jail (WCRJ). This matter is before the Court on initial review of the complaint and supplemental complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Eighth Amendment claims regarding Plaintiff's tooth extraction and post-extraction treatment shall continue against Defendants Gray and Smith in their individual capacity for damages; all other claims will be dismissed.

### I. SUMMARY OF CLAIMS

In the complaint, as Defendants, Plaintiff names (1) Lynn Gray, LPN, at Southern Health Partners (SHP); and (2) Jason Smith, dentist at WCRJ. He sues Defendants Gray and Smith in their individual and official capacities. In the supplemental complaint, as Defendants, Plaintiff names (1) Nurse Gray at WCRJ/SHP, in her official capacity; and (2) WCRJ. In construing the pleadings in a light most favorable to the *pro se* Plaintiff, as this Court must, the Court concludes that Defendants in this action are Defendants Gray and Smith in their individual and official capacities and the WCRJ.

In the complaint and supplemental complaint, Plaintiff complains of a painful tooth extraction in March 2017 and a failure to adequately treat his post-extraction tooth pain and open wound, despite complaining of "unbearable" pain.

In the supplemental complaint, Plaintiff additionally complains that on one occasion he "went to the hoe[1] at 11:30 am for disrupting count and had to do 24 hours in there"; that while there, "they pressure washed the detox room which is next door"; and that "at 4:10 am Saturday morning they woke us up to do the side we were on and made us go to the detox side which was still wet and had puddles and took our mats at 7:00 am and made us sit or lay down on a wet floor." He reports requesting "oranges" with no response.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief effectively in the form of being transferred from WCRJ.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

---

[1] The Court presumes that Plaintiff means he was placed in "the hole"/segregation.

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims Against WCRJ and Official-Capacity Claims Against Defendants Gray and Smith

The WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Warren County is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Further, Warren County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

Additionally, the official-capacity claims against Defendants Gray and Smith, to the extent that they are employed by WCRJ, also are construed as brought against Warren County. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . .'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690 n.55).

When a § 1983 claim is made against a municipality, like Warren County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

To the extent that Defendant Gray and/or Defendant Smith may be employed by SHP, the official-capacity claims against those Defendants are actually against SHP.[2] The same municipal-liability analysis applies to § 1983 claims against a private corporation like SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of either Warren County or SHP, and none of the allegations in the complaint or supplemental complaint indicate that Plaintiff was injured as a result of a policy or custom implemented or endorsed by either Warren County or SHP. Plaintiff, therefore, fails to establish a basis of liability against Warren County and SHP and fails to state a cognizable § 1983 claim against them. For these reasons, the claims against WCRJ and the official-capacity claims against Defendants Gray and Smith in their official capacities will be dismissed.

### B. Claims Regarding Placement in the Hole

The Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

---

[2] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). SHP has apparently contracted with WCRJ to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that SHP is a state actor.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

Plaintiff reports that he was placed in the hole for 24 hours, where he was awoken early and made to change cells and sit/lie on a wet floor. "The circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Here, Plaintiff's alleged conditions while in the hole were of a short duration and did not amount to an Eighth Amendment violation. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("With respect to Plaintiff's conditions of confinement claims – that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet – Plaintiff alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency."); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period); *Mills v. C.C.A.*, No. 1:10-0015, 2010 WL 5155478, at *5 (M.D. Tenn. Dec. 14, 2010) ("Even if the Court takes as true the allegations that [unsanitary] water flowed from a nearby shower into the Plaintiff's cell three times a week, that

this condition occurred for a period of several weeks, and that the water was not promptly cleaned up, these facts simply do not show that he was subjected to the type of extreme deprivation necessary to implicate the Eighth Amendment.").

For these reasons, Plaintiff fails to state an Eighth Amendment claim with regard to his placement in the hole.

To the extent Plaintiff also alleges a Fourteenth Amendment due process violation, he fails to state a claim because he has not alleged a restraint affecting the duration of his sentence and fails to show how the alleged temporary conditions imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin v. Connor*, 515 U.S. 472, 483-87 (1995).

### C. Injunctive Relief

Plaintiff seeks injunctive relief of being transferred from WCRJ. Because Plaintiff was transferred to Graves County Jail after filing this action, his claim for that relief is moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

### III. ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against WCRJ, the official-capacity claims against Defendants Gray and Smith, and the claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

7

**IT IS FURTHER ORDERED that the Eighth Amendment claims regarding Plaintiff's tooth extraction and post-extraction medical treatment shall continue against Defendants Gray and Smith in their individual capacity for damages**.

In allowing the claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case. A separate Order Directing Service and Scheduling Order will be entered to govern the continuing claims.

Date: September 29, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4416.005