UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JOHN WILLIS MARTIN, JR.**                                                         **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:17-CV-P50-GNS**

**LYNN GRAY** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff John Willis Martin, Jr., who is proceeding *pro se*, failed to file a response to Defendants' motion for summary judgment (DN 22). Consequently, by Order entered June 25, 2018, the Court gave Plaintiff 30 days within which to file a response, provided him with guidance in responding to a motion for summary judgment under Federal Rule of Civil Procedure 56, and attached the full text of that Rule (DN 25). Because Plaintiff failed to comply, the Court entered an Order on December 17, 2018, providing Plaintiff with a final opportunity to file a response to Defendants' motion for summary judgment and warning Plaintiff that his failure to file a response within 30 days from entry of the Order would result in dismissal of the action for failure to prosecute (DN 26). The 30-day period has expired without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se*

litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: February 4, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4416.005